[Cite as *State v. Williams*, 2014-Ohio-3138.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100488

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RAE QUON WILLIAMS

DEFENDANT -APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-574173, CR-13-574251,
and CR-13-574971

**BEFORE:**   Stewart, J., Boyle, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   July 17, 2014

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road, Suite 300
Westlake, OH    44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Maxwell M. Martin
           Margaret A. Troia
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Rae Quon Williams pleaded guilty to charges in three separate cases, was convicted, and sentenced. The court ordered him to serve two of the three sentences consecutively. Williams's sole complaint on appeal is that the court failed to make the findings necessary to impose consecutive sentences.

{¶2} Williams pleaded guilty to one count of robbery in Cuyahoga C.P. CR-13-574173; one count of robbery in CR-13-574251; and one count of felonious assault in CR-13-574971. The court sentenced Williams to serve 30 months on each of the robbery counts and 18 months on the felonious assault count. It further ordered that Williams serve the felonious assault count concurrently with the robbery counts, but that he serve the robbery counts consecutively for a total sentence of 60 months.

{¶3} R.C. 2929.14(C)(4) allows the court to require an offender to serve consecutive multiple prison terms for convictions on multiple offenses. Consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶4} There are two ways that a defendant can challenge consecutive sentences on appeal. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 16; *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 11 (8th Dist.). Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Nia, supra*. Williams argues that the court failed in both respects.

{¶5} Beginning with the findings necessary under R.C. 2929.14(C)(4), the court stated the following at sentencing:

I am imposing a consecutive prison term because I find that a consecutive prison term is necessary to protect the community and punish you. It's not disproportional, and I find that the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct, that being that you now have in front of me three cases, all that were committed within a very short time period.

Two of those are robberies, felonies of the third degree where random individuals were robbed at gunpoint. You were an active participant in those robberies which I find to be extremely serious, and I find that your criminal history I already put on the record being that you already had an aggravated robbery from 2009, you were given the opportunity to have a

community control sanction, probation, you violated it on a number of occasions and that you finally ended up going to the Ohio Department of Youth Services, so I find your criminal history being that you already have an aggravated robbery then when you came out you picked up additional cases, shows that a consecutive sentence is necessary to protect the public.

Tr. 34-35.

{¶6} The court separately and distinctly made all the findings required by R.C. 2929.14(C)(4). It found that consecutive sentences were necessary to protect the community and punish Williams; that consecutive sentences were not disproportionate to his conduct; and that his history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public. It follows that consecutive sentences were not contrary to law.

{¶7} Williams claims that the court's findings "reveal[ ] little or no basis for consecutive sentences." We take this assertion to be an argument that the court's findings were not supported by the record.

{¶8} A reviewing court can increase, reduce, modify, or remand consecutive sentences for resentencing only if it clearly and convincingly finds that the record does not support the court's findings to impose consecutive sentences under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a). With R.C. 2953.08(G)(2) making it clear that a reviewing court's standard of review is not whether the sentencing court abused its discretion, the reviewing court's obligation is thus akin to the "clearly erroneous" factual standard of review employed in federal courts. Under the clearly erroneous standard of review, a reviewing court can only reverse if it is "left with the definite and firm

conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395[, 68 S.Ct. 525, 97 L.Ed. 746] (1948)." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). This standard of review is, by any measure, "extremely deferential." *Venes*, *supra*, at ¶ 21.

**{¶9}** We have no basis for finding that the record does not support the court's findings under R.C. 2929.14(C)(4). Apart from Williams having pleaded guilty in three separate cases, two of which involved armed robbery with the use of a deadly weapon, he had an extensive criminal juvenile record. The court noted that Williams had previously been adjudicated delinquent in two different cases for engaging in conduct that, if committed by an adult, would constitute the crimes of aggravated robbery, kidnapping, and theft. Williams was placed on probation for those juvenile adjudications, but violated probation by failing to appear at a hearing. The first violation caused him to be placed on home detention; the second violation resulted in his being placed in the custody of the department of youth services. Indeed, Williams was originally charged as a juvenile in these current cases (he was 17 years old when he committed the offenses), but was transferred to the general division of the court of common pleas for trial as an adult on findings that, at the time he committed the three offenses, he was on parole for a prior delinquency adjudication and that "the results of previous juvenile sanctions and programs indicate that rehabilitation * * * will not occur in the juvenile system."

**{¶10}** Williams argues that there were factors militating against consecutive sentences: he was not on parole or community control at the time of the offenses; his

accomplice was the one who held the gun during the robberies; and that nothing in the record shows that his actions caused a harm so great and unusual that consecutive sentences were warranted.

{¶11} The difficulty with Williams's argument is that the factors he cites in mitigation of sentence were essentially the findings that the court made when imposing consecutive sentences. For example, while it is true that Williams was not on parole or community control at the time he committed the offenses, he had previously been convicted of crimes and had twice violated his probation as a juvenile. In addition, his claim that he did not hold the weapon used in the robberies and felonious assault does nothing to detract from the seriousness of his conduct in participating in armed robberies of random victims.

{¶12} In any event, Williams cannot prevail on an argument that the court abused its discretion by failing to give sufficient weight to factors in mitigation of sentence. R.C. 2953.08(G)(2) makes clear that our standard of review is not whether the sentencing court abused its discretion, so Williams's argument that the court failed to give greater weight to certain factors is unreviewable. *See State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 17.

{¶13} This is not a case where the court claimed to rely on a fact that the record on appeal shows to be demonstrably wrong — for example, attributing to the defendant a prior conviction that does not exist. In that case, the court's findings would be clearly erroneous. On the record before us, we cannot say that the court's findings under R.C.

2929.14(C)(4) were clearly not supported by the record or erroneous in any respect.   The

assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga

County Court of Common Pleas to carry this judgment into execution.   Case remanded

to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

---

MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR