[Cite as *State v. McCray*, 2015-Ohio-4689.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102852**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**KAYLIN J. MCCRAY**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590310-A

**BEFORE:**  Celebrezze, A.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  November 12, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 W. St. Clair
Suite 212
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Norman Schroth
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., A.J.:

{¶1} Defendant-appellant, Kaylin McCray ("McCray"), brings this appeal challenging the trial court's imposition of consecutive sentences for one count of attempted murder and one count of intimidating a crime victim or witness. Specifically, McCray argues that: (1) the trial court improperly imposed consecutive sentences without making the appropriate findings required by R.C. 2929.14, and (2) the trial court erred by imposing consecutive sentences without determining whether the offenses are allied offenses of similar import. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} The criminal proceedings arose from an incident at a hotel party in Brookpark, Ohio. McCray got into a verbal argument with one of the female party guests. During this argument, another party guest attempted to leave the hotel room. McCray shot the male party guest in the right thigh and genital region. After being shot, the male victim left the hotel. McCray proceeded to order the remaining party guests to not say anything about the shooting— threatening them with his gun and demanding that they "bet not say anything." McCray surrendered to the police roughly one week after the hotel party.

{¶3} The Cuyahoga County Grand Jury returned a multiple count indictment charging McCray with: (1) attempted murder, R.C. 2923.02 and 2903.02(A), (2) felonious assault, R.C. 2903.11(A)(1), (3) felonious assault, R.C. 2903.11(A)(2), (4) intimidation of a crime victim or witness, R.C. 2921.04(B)(2), and (5) having weapons while under disability, R.C. 2923.13(A)(2). Counts 1 through 3 contained both one- and three-year firearm specifications.

{¶4} The parties reached a plea agreement, and McCray pled guilty to: (1) attempted murder, R.C. 2923.02 and R.C. 2903.02(A), with a one-year firearm specification under

2941.141(A), (2) intimidation of a crime victim or witness, R.C. 2921.04(B)(2), and (3) having a weapon while under disability, R.C. 2923.13(A)(2).

{¶5} The trial court imposed a prison sentence of five years and nine months: four years on the attempted murder count, with a one-year firearm specification, nine months on the intimidation of a victim or witness count, and nine months on the having a weapon while under disability count. The trial court ordered the sentences for attempted murder and intimidation of a victim or witness to be served consecutively, and the sentence for having a weapon while under disability to be served concurrently with the sentence for attempted murder.

{¶6} McCray filed the instant appeal assigning two errors for review:

I. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

II. The trial court erred by ordering convictions and a consecutive sentence for separate counts because the trial court failed to make a proper determination as to whether those offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

## I. Law and Analysis

## A. Consecutive Sentences

{¶7} We note, initially, that the presumption in Ohio is that sentencing is to run concurrent. *State v. Rodrigues*, 8th Dist. Cuyahoga No. 102507, 2015-Ohio-2281, ¶ 5. In order to overcome this statutory presumption, and before imposing consecutive sentences, the trial court is required to make the findings mandated by R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶8} Pursuant to R.C. 2929.14(C)(4), the trial court must find: (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2)

consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following — (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct, or (_) the offender's criminal history demonstrates consecutive sentences are necessary to protect the public. *Id.*

{¶9} In imposing consecutive terms of imprisonment, the trial court "must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry." *State v. Allen*, 8th Dist. Cuyahoga No. 101342, 2015-Ohio-1448, ¶ 12; *see State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Where a trial court fails to make these requisite findings, the imposition of consecutive sentences is contrary to law, and the sentences must be served concurrently. *Bonnell* at ¶ 37.

{¶10} Although the requisite findings must be made, the trial court "has no obligation to state reasons to support its findings," so long as "the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* Furthermore, this court has repeatedly held that the trial court — in making its findings — is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 23, quoting *State v. Brewer*, 1st Dist. Hamilton No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000); *see also Bonnell* at ¶ 37.

**{¶11}** R.C. 2953.08(G)(2) provides two bases for a reviewing court to overturn the imposition of consecutive sentences: the sentence is "otherwise contrary to law" or the reviewing court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). *State v. Venes*, 2013-Ohio-1891 992 N.E.2d 453, ¶ 11. ( 8th Dist.)

**{¶12}** First, McCray argues that the trial court did not make the necessary findings to justify a consecutive sentence.

**{¶13}** Regarding the first R.C. 2929.14(C)(4) requirement, the trial court stated:

> I'm running that [intimidation of a crime victim or witness sentence] consecutive [with the attempted murder sentence] because I think that conduct is separate and apart from the conduct of firing. When that occurred, Mr. McCray, your instinct was to protect yourself by threatening others. That's very different than your attitude here today but your conduct at the time indicates to me that you felt necessary to intimidate someone else in order to avoid taking responsibility for your conduct at that time and I think that is accountable in a separate fashion. That's why I have made it a consecutive sentence, giving you the minimum amount of time for the intimidation component when I could have made that up to three years.
>
> I make that finding consistent with 2929.14(C)(4) of the code. I think it's necessary to punish the offender for this particular sentence, that it should be consecutive for the reasons I've just stated. I do think it's necessary to protect the public from future crime.

Furthermore, the trial court identified several other reasons as to why a consecutive sentence is necessary to protect the public from future crime or to punish the offender, including: (1) the seriousness of the attempted murder offense and its accompanying one-year firearm specification, (2) the probation department found McCray to be at a "high risk" of drawing a new case in the future, and (3) the harm that the victim suffered — and will continue to suffer — as a result of McCray's conduct.

**{¶14}** In addressing the harm that the victim has suffered, and will continue to suffer, the trial court stated:

> I also have to be mindful of the fact that the victim in this case is going to be dealing with a leg-related issue as a result of a wound in his leg apparently for the rest of his life. He's going to have to be cognizant of that and address that situation. It is apparently a painful circumstance that has not abated at this point in time and the indications are that that's not going to change. So that's going to be with him for a significant, if not a permanent condition of his life, and I have to bear that in mind and consider that as a meaningful fact in this case because, one, it could have been worse. Fortunately, it's not. But the victim in this case has suffered, will suffer and will continue to suffer throughout his life.

> And being on blood thinners is not an easy thing to do and be on, and he is exposed to certain risks as a result of that. One of those risks, I just heard a five-day or seven-day trial resulting from blood thinners and the effect that the person died as a result of the blood thinners..So there are serious issues with regard to those who have to take blood thinners that their life is very different than those who don't have to do that. So they are a significant risk.

Furthermore, the trial court noted that: (1) the victim will be "[c]omplaining of pain 24/7," (2) "the gunshot caused severe internal problems with [the victim's] leg", and (3) the victim's blood clotting will require him to wear a compression sleeve on his right leg for the rest of his life.

**{¶15}** Regarding the second R.C. 2929.14(C)(4) requirement, the trial court stated, "I don't think [the consecutive sentence] is disproportionate to the conduct itself." In making this finding, the trial court emphasized that McCray's conduct of shooting the gun and injuring the victim was separate and distinct from his conduct of threatening the witnesses. On the other hand, the trial court ordered a concurrent nine-month sentence for McCray's having weapons while under disability offense, stating:

I don't see any reason, although I certainly could have justification to make that a consecutive sentence, I'm choosing not to do that and run it concurrent.

{¶16} Regarding the third R.C. 2929.14(C)(4) requirement, the trial court found that consecutive sentences are necessary — based on McCray's criminal history — to protect the public. The trial court stated:

I note [McCray] has some definite issues with regard to juvenile issues that were brought in the juvenile court and the nature of those charges. Those are crimes of violence and they fall into a pattern, unfortunately, from my analysis in connection with the charges in this case. If you look at the charges in the juvenile area, you would almost say it was either predictable or it was certainly not a surprise to have the charges that he's facing and pled guilty to in my court a few years later in time.

Furthermore, the trial court stated:

I don't think [the sentences] can be handled concurrently

because of the nature of the situation

here and taking into account

[McCray's] juvenile history, it does

demonstrate an ongoing pattern had

developed.

{¶17} McCray argues that his juvenile history should not be considered "criminal history" for R.C. 2929.14(C)(4) purposes because juvenile delinquency adjudications are not criminal convictions. We find no merit to this argument.

{¶18} In *State v. Gross*, the trial court imposed consecutive sentences, finding that defendant — based on his prior juvenile record and his action in the case — posed a great danger to the public. *State v. Gross*, 8th Dist. Cuyahoga No. 76836, 2005-Ohio-1664, 2005 Ohio App.

LEXIS 1600, *10. This court upheld the trial court's consecutive sentences, finding that the trial court complied with the statute and made the requisite R.C. 2929.14 findings. *Id*. In *State v. Hudak*, the trial court imposed consecutive sentences, finding that defendant's juvenile record and history "indicated recidivism was more likely." *State v. Hudak*, 8th Dist. Cuyahoga No. 82108, 2003-Ohio-3805, ¶ 21. This court upheld the trial court's consecutive sentences, finding that the trial court's reasons for imposing consecutive sentences "were all based on the reasons enumerated in [R.C. 2929.14]." *Id*. at ¶ 23. In *State v. Williams*, the trial court found that consecutive sentences were necessary to protect the public based on the fact that defendant had an extensive criminal record as a juvenile and continued to pick up new cases. *State v. Williams*, 8th Dist. Cuyahoga No. 100488, 2014-Ohio-3138, ¶ 5. This court upheld the trial court's consecutive sentences:

> The [trial] court separately and distinctly made all the findings required by R.C. 2929.14(C)(4). It found that consecutive sentences were necessary to protect the community and punish Williams; that consecutive sentences were not disproportionate to his conduct; and that his history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public. It follows that consecutive sentences were not contrary to law.

*Id*. at ¶ 6. Accordingly, the trial court did not err by finding that consecutive sentences were necessary to protect the public based on McCray's juvenile history and "ongoing pattern" of violence.

{¶19} After a careful review of the record, we find that the record clearly and convincingly demonstrates that the trial court engaged in the correct analysis — and made the requisite R.C. 2929.14(C)(4) findings — before imposing consecutive sentences. Furthermore, we cannot say that the trial court's findings are not supported by the record. The trial court thoroughly considered the attempted murder and intimidation of a crime victim or

witness offenses, weighed the need to both protect the public and to punish McCray, and evaluated the proportionality of punishment to McCray's conduct. Furthermore, regarding the third R.C. 2929.14(C)(4) requirement, the trial court found that consecutive sentences were necessary based on McCray's criminal history. *See State v. Hawkins*, 8th Dist. Cuyahoga No. 102185, 2015-Ohio-3140, ¶ 14. The trial court emphasized that the victim's injuries could have been fatal, and that the victim — as a result of McCray's actions — will continue to suffer throughout his life.

**{¶20}** Second, McCray argues that the trial court failed to incorporate its findings into the sentencing journal entry, as required by *Bonnell*. Specifically, McCray argues that the findings incorporated into the journal entry "fell short to justify a consecutive sentence in this case." The record does not support McCray's argument.

**{¶21}** In addition to making the requisite R.C. 2929.14(C)(4) findings on the record, the trial court properly incorporated the findings into its sentencing journal entry. The trial court's sentencing entry states in relevant part:

> THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW. THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R.C. 2929.11. THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF 5 YEAR(S), 9 MONTH(S). COUNT 1 PRC: - 5 YEARS MANDATORY; COUNT 4 PRC - 3 YEARS MANDATORY; COUNT 5 PRC - 3 YEARS DISCRETIONARY. COUNT 1 - 1 YEAR FIREARM SPEC PLUS 4 YEARS IN PRISON FOR UNDERLYING CRIME. COUNT 4 - 9 MONTHS IN PRISON CONSECUTIVE TO COUNTS 1 & 5. COUNT 5 - 9 MONTHS IN PRISON CONCURRENT TO COUNT 1. THE COURT IMPOSES PRISON TERMS CONSECUTIVELY FINDING THAT CONSECUTIVE SERVICE IS NECESSARY TO PROTECT THE PUBLIC FROM FUTURE CRIME OR TO PUNISH DEFENDANT; THAT THE CONSECUTIVE SENTENCES ARE NOT DISPROPORTIONATE TO THE SERIOUSNESS OF DEFENDANT'S CONDUCT AND TO THE DANGER DEFENDANT POSES TO THE PUBLIC; AND THAT, THE DEFENDANT COMMITTED ONE OR MORE OF THE MULTIPLE OFFENSES WHILE THE DEFENDANT WAS AWAITING TRIAL OR SENTENCING OR WAS UNDER

A COMMUNITY CONTROL OR WAS UNDER POST-RELEASE CONTROL FOR A PRIOR OFFENSE, OR AT LEAST TWO OF THE MULTIPLE OFFENSES WERE COMMITTED IN THIS CASE AS PART OF ONE OR MORE COURSES OF CONDUCT, AND THE HARM CAUSED BY SAID MULTIPLE OFFENSES WAS SO GREAT OR UNUSUAL THAT NO SINGLE PRISON TERM FOR ANY OF THE OFFENSES COMMITTED AS PART OF ANY OF THE COURSES OF CONDUCT ADEQUATELY REFLECTS THE SERIOUSNESS OF DEFENDANT'S CONDUCT, OR DEFENDANT'S HISTORY OF CRIMINAL CONDUCT DEMONSTRATES THAT CONSECUTIVE SENTENCES ARE NECESSARY TO PROTECT THE PUBLIC FROM FUTURE CRIME BY DEFENDANT.

{¶22} The trial court fulfilled both of the *Bonnell* requirements: (1) making the requisite R.C. 2929.14(C)(4) findings on the record and (2) incorporating those findings into the sentencing journal entry. Furthermore, the record supports the trial court's findings. Thus, we find no error that would result in overturning the court's imposed sentences.

{¶23} McCray's first assignment of error is overruled.

## B. Allied Offenses of Similar Import

## Review for Plain Error

{¶24} First, McCray argues that the trial court failed to analyze — both at the change of plea hearing and the sentencing hearing — whether the attempted murder and intimidation of a crime victim or witness offenses were allied offenses of similar import. This claim is not supported by the record.

{¶25} The trial court analyzed whether the attempted murder and intimidation of a crime victim or witness offenses merged during the sentencing hearing:

On the Count 4, intimidation of crime victim, I'm going to sentence the defendant to nine months and I'm going to run that consecutive to the time period for the felony in the first-degree, attempted murder.

And I'm running that consecutive because I think that [intimidation] conduct is separate and apart from the conduct of firing [the gun]. When that occurred, Mr. McCray, your instinct was to protect yourself by threatening others. That's very different than your attitude here today but your conduct at the time indicates to me that you felt necessary to intimidate someone else in order to avoid taking responsibility for your conduct at that time and I think that is accountable in a separate fashion.

**{¶26}** Based on this analysis, the trial court concluded that the attempted murder conduct — shooting the victim — was separate and distinct from McCray's subsequent conduct of intimidating the witnesses.

**{¶27}** Furthermore, McCray neither raised the issue of allied offenses nor objected to the trial court's allied offenses analysis at the sentencing hearing.

**{¶28}** The Ohio Supreme Court recently held that the issue of allied offenses must be raised with the trial court. In *State v. Rogers*, the court held that the failure to raise the issue of allied offenses of similar import forfeits all but plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. Furthermore, the court held that such error "is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *Id.*

**{¶29}** Therefore, McCray has the burden to "demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus * * *." *Rogers* at ¶ 22.

### *Ruff* Test for Merger of Multiple Offenses

**{¶30}** R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, prohibiting multiple punishments for the same offense. R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶31} The Ohio Supreme Court recently identified the proper analysis courts should apply in determining whether the offenses merge or whether the defendant may be convicted of separate offenses under R.C. 2941.25(B):

> A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

> At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*State v. Ruff*, 143 Ohio St.3d 144, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25-26. The evidence during the change of plea and sentencing hearings will reveal whether McCray's attempted

murder and intimidation of a crime victim or witness offenses have similar import.   *See id.* at ¶ 26.

{¶32} To commit the offense of attempted murder as defined in R.C. 2903.02(A), one must engage in conduct that, if successful, would result in purposely causing the death of another.   R.C. 2921.04(B) defines intimidation of a victim or witness in criminal cases:

> No person, knowingly and by force or by unlawful threat of harm to any person or property or by unlawful threat to commit any offense or calumny against any person, shall attempt to influence, intimidate, or hinder any of the following persons:
>
> (1)   The victim of a crime or delinquent act in the filing or prosecution of criminal charges or a delinquent child action or proceeding;
>
> (2)   A witness to a criminal or delinquent act by reason of the person being a witness to that act.

{¶33} Regarding the first *Ruff* factor, McCray's attempted murder and intimidation offenses are dissimilar in import and significance, because they caused separate and identifiable harm and victimized more than one person.   *See Ruff* at ¶ 26.   The attempted murder offense caused physical harm to the victim's leg, as outlined above.   On the other hand, the intimidation offense caused emotional damage to the witnesses of the shooting who were present in the hotel room when McCray went around threatening people with his gun.   Although several witnesses from the party gave statements to the police after the incident, neither the victim nor any witnesses wanted to provide a statement in court at the sentencing hearing.

{¶34} Regarding the second *Ruff* factor, McCray's attempted murder and intimidation offenses were committed separately — at separate times and with separate conduct.   McCray committed the attempted murder offense by pulling the trigger and shooting the male victim. After the shooting took place and the victim left the hotel, McCray proceeded to commit the

intimidation offense by threatening the party guests with his gun. A witness statement indicated that "McCray was running around the [hotel] room with the gun saying that 'nobody bet not say anything.'"

**{¶35}** Regarding the third *Ruff* factor, McCray's attempted murder and intimidation offenses were committed with separate animus or motivation. McCray committed the attempted murder offense with the animus to severely injure or kill the male victim during the argument. On the other hand, McCray committed the intimidation offense with the animus to protect himself from any legal or criminal repercussions of the shooting.

**{¶36}** The record reflects that the trial court properly conducted an allied offenses and merger analysis of the attempted murder and intimidation of a crime victim or witness counts during the sentencing hearing. Furthermore — based on our review of the record and the foregoing *Ruff* analysis — McCray has failed to satisfy his burden of showing a reasonable probability that his attempted murder and intimidation of a crime victim or witness offenses are for allied offenses of similar import, committed with the same conduct and without a separate animus. Thus, McCray cannot demonstrate that the trial court's failure to merge the offenses for sentencing purposes was plain error.

**{¶37}** McCray's second assignment of error is overruled.

### III. Conclusion

**{¶38}** After reviewing the record, we find that the trial court made the requisite R.C. 2929.14(C)(4) findings in imposing consecutive sentences for McCray's attempted murder and

intimidation of a crime victim or witness offenses. The trial court made the requisite findings on the record and incorporated its findings into the sentencing journal entry, as required by *Bonnell*. Furthermore, the trial court's findings are supported by the record.

{¶39} We also find that the trial court properly conducted an allied offenses analysis during the sentencing hearing. Furthermore, McCray failed to demonstrate that the trial court's failure to merge the offenses for sentencing was plain error, because the offenses: (1) are dissimilar in import or significance, (2) were committed separately, and (3) were committed with separate animus or motivation. We overrule McCray's two assignments of error.

{¶40} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR