[Cite as *State v. Perkins*, 2019-Ohio-88.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 106877 and 107155

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### CORY PERKINS

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-17-618690-A, CR-17-617762-A and CR-17-623157-A

**BEFORE:** Keough, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 10, 2019

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Frank Romeo Zeleznikar
       James Moss
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


KATHLEEN ANN KEOUGH, J.:

{¶1} In these consolidated appeals, defendant-appellant, Cory Perkins, appeals from the trial court's judgment sentencing him to consecutive sentences totaling eleven years in prison. Perkins contends that the consecutive sentences were not supported by the record. For the reasons that follow, we affirm.

## I. Background

{¶2} In November 2017, Perkins pleaded guilty in three cases that arose from his robberies of three banks over four days in May 2017.

{¶3} In Cuyahoga C.P. No. CR-17-617762, regarding the robbery of PNC bank on May 20, 2017, Perkins pleaded guilty to robbery in violation of R.C. 2911.02 and abduction in violation of R.C. 2905.02.

**{¶4}** In Cuyahoga C.P. No. CR-17-618690, regarding the robbery of Huntingon Bank on May 22, 2017, Perkins pleaded guilty to robbery in violation of R.C. 2911.02 and abduction in violation of R.C. 2905.02.

**{¶5}** In Cuyahoga C.P. No. CR-17-623157, regarding the robbery of Key Bank on May 23, 2017, Perkins pleaded guilty to robbery in violation of R.C. 2911.02 and abduction in violation of R.C. 2905.02.

**{¶6}** All of the robbery and abduction offenses were third-degree felonies. Perkins committed these offenses while he was on community control in Cuyahoga C.P. No. CR-15-597566, in which he had pleaded guilty to theft, aggravated theft, and money laundering.

**{¶7}** At sentencing, the trial court merged the abduction count with the robbery count in each case, and the state elected to proceed to sentencing on each robbery offense. The trial court sentenced Perkins to four years each in Cuyahoga C.P. Nos. CR-17-618690 and CR-17-617762, and to three years in Cuyahoga C.P. No. CR-17-623157. The court ordered that the sentences would be served consecutively, for an aggregate term of eleven years in prison, and concurrent with CR-15-597566, in which the trial court had revoked Perkins's community control sanctions and imposed nine months in prison. This appeal followed.

## II. Law and Analysis

**{¶8}** In his single assignment of error, Perkins contends that the trial court erred in imposing consecutive sentences because they were "clearly and convincingly unsupported by the record."

**{¶9}** R.C. 2929.14(C) allows the court to require on offender to serve consecutive multiple prison terms for convictions on multiple offenses. Consecutive sentences may be imposed if the trial court finds that (1) a consecutive sentence is necessary to protect the public

from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies — (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history demonstrates consecutive sentences are necessary to protect the public. *Id.*

{¶10} There are two ways a defendant can challenge consecutive sentences on appeal. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C). *State v. Williams*, 8th Dist. Cuyahoga No. 100488, 2014-Ohio-3138, ¶ 4. Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *Id.*

{¶11} In imposing consecutive sentences in this case, the trial court stated:

So you're looking at an aggregate of 11 years. I'll run them consecutive. The reason[s] why I'm running them consecutive are the following reasons: consecutive sentences are necessary to protect the public from future crime and to punish the offender, they're not disproportionate to your conduct and the danger that you pose to the public.

You committed one of these offenses or all of them while you were under community control sanctions in case number 597566.

The offenses were also committed as part of a course of conduct and that harm caused by two or more multiple offenses was so great or unusual that no single prison term for any of the offenses would adequately reflect the seriousness of the crime.
And finally, once again, your history of criminal conduct demonstrates that consecutive sentences are necessary.

**{¶12}** Perkins does not dispute that the trial court made all the findings required by R.C. 2929.14(C). Rather, he contends that the consecutive sentences should be vacated because the trial court's findings were not supported by the record.

**{¶13}** Pursuant to R.C. 2953.08(G)(2)(a), a reviewing court may vacate or modify consecutive sentences if it finds by clear and convincing evidence that the record does not support the findings made under R.C. 2929.14(C)(4). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22.

> "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶14}** As this court has stated:

> It is important to understand that the "clear and convincing" standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

> It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.

*State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-21 (8th Dist.).

**{¶15}** We have no basis for concluding that the record does not support the court's findings under R.C. 2929.14(C)(4). The trial court considered the robbery offenses, weighed the

need to both protect the public and punish Perkins, and evaluated the proportionality of the punishment to Perkins's conduct. Further, the court noted that Perkins had a lengthy criminal history prior to these offenses, much of it involving "theft-related offenses, burglaries, robberies, aggravated burglaries, thefts, [and] forgeries." And the court found that Perkins was serving a term of community control sanctions for other theft offenses when he committed these offenses.

{¶16} Perkins argues, however, that consecutive sentences were not warranted because although he admittedly has a substantial criminal history, many of his prior convictions were due to his drug use and did not involve violence. He argues further that he suffered from post-traumatic stress syndrome, which played a part in his criminal activities. Finally, he contends that no weapons were used and no harm was inflicted on anyone during the commission of the robberies.

{¶17} But these are the very same arguments defense counsel raised in the trial court at sentencing. (Tr. 30-31.) Perkins's argument, therefore, seems to be that the trial court abused its discretion by not giving enough weight to these factors when imposing consecutive sentences. But R.C. 2953.08(G)(2) makes clear that our standard of review is not whether the sentencing court abused its discretion. Thus, Perkins cannot prevail on this argument. *Williams*, 8th Dist. Cuyahoga No. 100488, 2014-Ohio-3138, at ¶ 12, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 17.

{¶18} We find nothing demonstrating that in imposing consecutive sentences, the trial court relied on a fact that was demonstrably wrong (for example, attributing to Perkins a prior conviction that did not exist), in which case the trial court's findings would be clearly erroneous. On the record before us, we cannot say that the trial court' findings under R.C. 2929.14(C)(4)

were not supported by the record or erroneous in any respect. The assignment of error is therefore overruled.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR