[Cite as *State v. Franklin*, 2019-Ohio-3759.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 107454 |
| NICHOLAS FRANKLIN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 19, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-622587-C

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel A. Cleary, Assistant Prosecuting Attorney, *for appellee.*

Allison S. Breneman*, for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Nicholas Franklin ("Nicholas"), appeals from his sentence following a guilty plea. He raises the following assignment of error for review:

1. The trial court erred in imposing consecutive sentences.

{¶ 2} After careful review of the record and relevant case law, we affirm Nicholas's sentence.

## I. Procedural and Factual History

{¶ 3} In November 2017, Nicholas and his codefendants, Holley Hentges and Malicke Franklin, were named in an eight-count indictment, charging them each with aggravated murder in violation of R.C. 2903.01(A); aggravated murder in violation of R.C. 2903.01(B); murder in violation of R.C. 2903.02(B); three counts of aggravated burglary in violation 2911.11(A)(1); felonious assault in violation of R.C. 2903.11(A)(1); and kidnapping in violation of R.C. 2905.01(A)(3). The indictment stemmed from the aggravated burglary of victims, R.H. and T.L., and the death of victim, C.F., who was killed during the defendants' commission of an aggravated burglary.[1]

{¶ 4} In June 2018, Nicholas entered into a plea agreement with the state. Following an extensive Crim.R. 11 colloquy, Nicholas pleaded guilty to involuntary manslaughter in violation of R.C. 2903.04(A), as amended in Count 1; and aggravated burglary in violation of R.C. 2911.11(A)(1), as amended in Count 4. The remaining counts were nolled. The trial court accepted Nicholas's guilty plea, referred Nicholas to the probation department for a presentence investigation report, and set the matter for sentencing.

---

[1] The record reflects that codefendant Hentges is the mother of Nicholas and Malicke. In addition, R.H. is the sister of Hentges. R.H. was engaged to be married to C.F. at the time of the incident.

{¶ 5} Nicholas's sentencing hearing was held in July 2018. During the hearing, defense counsel asked the trial court to consider relevant mitigating factors, including Nicholas's lack of a felony record, his sincere remorse, and the scope of his involvement in the underlying criminal incident. Counsel described Nicholas as a "minor participant" in the aggravated burglary that resulted in C.F.'s "unintended" death. Counsel asserted that no weapons were utilized during the incident and that Nicholas only got involved in the altercation with C.F. because of his mother, codefendant Hentges, and the influence she has on Nicholas. For these reasons, counsel suggested that a three-year prison sentence was appropriate.

{¶ 6} Nicholas also addressed the court. He accepted responsibility for his actions and apologized to the victim's family.

{¶ 7} The trial court then heard from the state and family members of C.F. Relevant to this appeal, the state disputed defense counsel's interpretation of Nicholas's involvement in C.F.'s death. The state indicated that the three defendants entered the victim's home without his consent and with the intent "to invoke serious physical harm that led to [C.F.'s] death." Regarding Nicholas, the state informed the court that "witnesses saw him punching and striking [C.F.] down in the lower area of his abdomen where two broken ribs were — his ninth and tenth rib[s] were broken." The state explained that this was significant because "that's what ruptured the spleen that led to [C.F.] internally bleeding." Thus, the state opined that Nicholas "basically did one of the death shots." Finally, the state dismissed defense counsel's reference to Hentges's influence over Nicholas, stating "[Nicholas], who

was an adult, could have told his mother no. * * * [The defendants] went over there in agreed force and placed force on [the victims].”

{¶ 8} Upon consideration, the trial court sentenced Nicholas to nine years in prison on each count, to run consecutively, for an aggregate prison term of 18 years.

{¶ 9} Nicholas now appeals from his sentence.

## II. Law and Analysis

{¶ 10} In his sole assignment of error, Nicholas argues the trial court erred by imposing consecutive sentences. He contends that the trial court’s imposition of maximum consecutive terms was “contrary to the felony sentencing guidelines.”

{¶ 11} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court “clearly and convincingly” finds that (1) “the record does not support the sentencing court’s findings under R.C. 2929.14(C)(4),” or (2) “the sentence is otherwise contrary to law.” The imposition of consecutive sentences is contrary to law if a trial court fails to make the findings mandated by R.C. 2929.14(C)(4). *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 24 (8th Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 12} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to

protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 14} On appeal, Nicholas does not argue that the trial court failed to make the requisite consecutive sentencing findings under R.C. 2929.14(C)(4). Rather, Nicholas contends that the record does not support the trial court's findings. According to Nicholas, "there was nothing put on the record, no facts at all, that would make this case deserving of a maximum consecutive sentence of 18 years in prison." He further asserts that his lack of a criminal history, his sincere remorse, and his "minimal" role in the victim's death are factors that support the imposition of concurrent sentences.

{¶ 15} Contrary to Nicholas's position on appeal, the trial court was not required to place facts on the record or state reasons in support of its consecutive sentence findings. *State v. Johnson*, 8th Dist. Cuyahoga No. 106450, 2018-Ohio-3670, ¶ 49, citing *Bonnell* at ¶ 37. Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we "clearly and convincingly" find that the record does not support the court's findings in support of consecutive sentences. *State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459, ¶ 11. "This is an extremely deferential standard of review." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶ 16} After careful review of the record in its entirety, we find no basis to conclude that the record does not support the court's findings under R.C. 2929.14(C)(4). In this case, the trial court carefully considered Nicholas's familial relationship with the victims, discussed the great harm caused by the multiple

offenses, weighed the need to protect the public, and evaluated the proportionality of the punishment to Nicholas's conduct. The trial court described the crimes committed by Nicholas as "extremely violent" and discussed the ongoing trauma caused to C.F.'s family. The court further rejected defense counsel's characterization of Nicholas's involvement in the crimes as being "minimal," stating:

> A man [was] beaten to death by three people in front of his fiancée and the other occupants of the home. * * * [The] three of you did it together, you're all equally responsible and that's the way the Court sees it.

{¶ 17} On this record, Nicholas has not demonstrated that the trial court's findings relied on facts that were demonstrably wrong. *See State v. Perkins,* 8th Dist. Cuyahoga Nos. 106877 and 107155, 2019-Ohio-88, ¶ 18*; State v. Williams*, 8th Dist. Cuyahoga No. 100488, 2014-Ohio-3138, ¶ 13. Instead, Nicholas merely reiterates the mitigation arguments that were previously raised before the court during the sentencing hearing. Thus, Nicholas's position seems to suggest that the trial court abused its discretion by not giving enough weight to the relevant factors he believes weigh heavily in favor of concurrent sentences. However, R.C. 2953.08(G)(2) makes clear that our standard of review is not whether the sentencing court abused its discretion. *See Perkins* at ¶ 17.

{¶ 18} We note that Nicholas's lack of a criminal history did not render the imposition of consecutive sentences to be inappropriate in this case. As this court has previously explained, even where a defendant has no criminal history, consecutive sentences may be imposed if the court makes one of the alternative findings under R.C. 2929.14(C)(4)(a) or (b). *State v. Nave*, 8th Dist. Cuyahoga No.

107032, 2019-Ohio-348, ¶ 7. Here, the court found R.C. 2929.14(C)(4)(b) applied, stating that Nicholas's commission of the involuntary manslaughter and aggravated burglary offenses caused harm that "is so great or unusual that a single term is not adequate to reflect the seriousness of the conduct." As stated, it cannot be concluded that the record clearly and convincingly does not support this finding given the circumstances of C.F.'s death.

{¶ 19} The record further reflects that the trial court considered Nicholas's claims of remorse under R.C. 2929.12 when imposing a term of imprisonment on each first-degree felony offense. At the sentencing hearing and again in the final entry of conviction, the trial court expressly stated that it considered all sentencing factors as required by law, including the recidivism factors that were offered by defense counsel for consideration. Thus, while Nicholas disagrees with the trial court's decision to exercise its discretion to impose consecutive sentences, we find the trial court fulfilled each of its obligations under the applicable sentencing statutes.

{¶ 20} Based on the foregoing, we cannot clearly and convincingly find that the record fails to support the trial court's findings under R.C. 2929.14(C)(4). In addition, the record reflects that the trial court's findings were properly incorporated into the sentencing journal entries as required under *Bonnell*.

{¶ 21} Nicholas's sole assignment of error is overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
LARRY A. JONES, SR., J., DISSENTS WITH SEPARATE OPINION


LARRY A. JONES, SR., J., DISSENTING:

{¶ 23} Respectfully, I dissent. The record in this case does not support the imposition of consecutive sentences.

{¶ 24} Our review of felony sentencing must be "meaningful." *See State v. Bratton*, 6th Dist. Lucas Nos. L-12-1219 and L-12-1220, 2013-Ohio-3293, ¶ 8, citing *State v. Carter*, 11th Dist. Portage No. 2003-P-0007, 2004-Ohio-1181. In order to conduct a "meaningful review," we are required to review the entire record, including any reports that were submitted to the court (i.e., a presentence, psychiatric or other investigative report), the trial record, and any statements made to or by the court at sentencing. *See* R.C. 2953.08(F)(1)-(3).

{¶ 25} After reviewing the entire record, if we clearly and convincingly determine that the "record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law," then we have the authority to "increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶ 26} Under R.C. 2929.41(A) there is a presumption that prison sentences for multiple offenses be served concurrently. As the majority mentions, pursuant to R.C. 2929.14(C)(4), the trial court may order consecutive sentences if it makes certain findings. The trial court made these findings; but I would clearly and convincingly find that the record does not support the imposition of consecutive sentences.

{¶ 27} The reasons the trial court gave with regard to the finding that "consecutive sentences are not disproportionate to the seriousness" of Nicholas's conduct and to the danger he poses to the public do not support this finding. One of the troubles I have with the sentences is in regard to the trial court's finding that a single prison sentence would not adequately reflect the seriousness of the crime. Involuntary manslaughter and aggravated burglary are, without debate, serious crimes. The court found that all three defendants' actions resulted in C.F.'s death. This fact alone, however, has nothing to do with the relative seriousness of Nicholas's individual conduct in this case.

**{¶ 28}** The court noted that Nicholas was present only at the behest of his mother. The prosecutor stated: "If it weren't for [the mother], they probably wouldn't have gone over there." Each defendant was convicted and sentenced; I would find that imputing each defendant's conduct to the other defendants as a ground to impose consecutive sentences unfair — the defendants were not charged and convicted as co-conspirators; they were codefendants. This record does not reflect that the court judged Nicholas separate from his mother and brother. In fact, quite the opposite occurred. The court specifically stated: "[The] three of you did it together, you're all equally responsible and that's the way the Court sees it."

**{¶ 29}** Another trouble I have is with the trial court's findings that consecutive sentences were necessary to protect the public from future crime by the defendants, and that consecutive sentences were not disproportionate to the danger Nicholas poses to the public. Implicit in those findings is a finding that, based on the defendant's prior criminal history, he is likely, if not incarcerated to consecutive terms, to offend again. Nicholas, however, had no felony prior record.[2] Thus, on this record, I cannot agree that there exists a need to impose consecutive sentences

---

[2] Additionally, courts should consider that lengthy prison sentences do not make the public safer, in part, because "long-term sentences produce diminishing returns for public safety as individuals 'age out' of the high-crime years." Mauer, *Long-Term Sentences: Time to Reconsider the Scale of Punishment*, 87:1 UMKC.L.Rev. 121 (2018). In other words, the risk an individual may pose to public safety declines with age and each successive year of incarceration is likely to produce diminishing returns for public safety. *Id.* at 122.

to protect the public from future crime by Nicholas, or that they are not disproportionate to the danger he poses to the public.

{¶ 30} The record also does not support the finding that "the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct." Although the parties stipulated at sentencing that the two offenses were not allied offenses of similar import, the fact remains that the criminal conduct in which Nicholas engaged to help commit these two offenses occurred within a single episode. Moreover, as mentioned, both the state and the trial court acknowledged that Nicholas was present at the scene because of his mother and, if not for her, the crimes probably would have not occurred. Finally, while each offense Nicholas committed is serious, neither is made materially more serious by the particular conduct the other offense involves.

{¶ 31} Therefore, I clearly and convincingly find that imposition of consecutive sentences is disproportionate to the seriousness of the conduct in which Nicholas engaged when he committed these two offenses. Because the record does not support the trial court's finding on this issue, I would modify Nicholas's sentence to a concurrent term.