[Cite as *State v. Hawkins*, 2015-Ohio-3140.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102185

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# FRED HAWKINS

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-579397-A, CR-13-579974-C, CR-14-584521-A, CR-14-584630-A, and
CR-14-586261-A

**BEFORE:** Stewart, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 6, 2015

**ATTORNEY FOR APPELLANT**

Jerome M. Emoff
Dworken & Bernstein Co., L.P.A.
1468 West 9th Street, Suite 134
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Yosef M. Hochheiser
Zachary Humphrey
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Fred Hawkins requested that this appeal be placed on this court's accelerated calendar pursuant to App.R. 11.1 and Loc.R.11.1. By doing so, he has agreed that we may render a decision in "brief and conclusionary form" consistent with App.R. 11.1(E).

{¶2} Hawkins is appealing his convictions of three counts of breaking and entering, attempted drug possession, and drug possession. For the following reasons, we reverse and remand for resentencing.

{¶3} The Cuyahoga County Grand Jury indicted Hawkins in five separate cases. In Cuyahoga C.P. No. 13-579397-A, Hawkins was charged with breaking and entering, petty theft, and possessing criminal tools. Hawkins was charged with drug possession in Cuyahoga C.P. No. 13-579974-C. He was charged with breaking and entering and theft in Cuyahoga C.P. No. 14-584630-A, and possession of a controlled substance in Cuyahoga C.P. No. 14-584521-A. Lastly, in Cuyahoga C.P. No. 14-586261-A, Hawkins was charged with breaking and entering, vandalism, and possessing criminal tools.

{¶4} On May 20, 2014, Hawkins pleaded guilty to amended indictments in four of the cases; CR-13-579397-A; CR-13-579974-C; CR-14-584521-A; and CR-14-584630-A. Following the plea, the court ordered a presentence investigation report as well as a psychiatric assessment for mitigation of penalty purposes. The psychiatric evaluation

established that Hawkins suffered from multiple psychiatric problems, including auditory and visual hallucinations, and paranoid delusions. The assessment also revealed that Hawkins suffers from bipolar disorder, schizoaffective disorder, and antisocial personality disorder.

{¶5} On October 8, 2014, Hawkins entered a guilty plea to breaking and entering in the fifth case, CR-14-586261-A. Afterwards, the court proceeded to sentence Hawkins on all five cases.

{¶6} The court ordered Hawkins to serve a one-year prison term on the breaking and entering charge in CR-13-579397-A; six months on the attempted drug possession charge in CR-13-579974-C; one year on the breaking and entering charge in case CR-14-584630-A; one year on the drug possession charge in CR-14-584521-A; and one year on the breaking and entering charge in CR-14-586261-A. The court ordered the one year prison term on CR-14-584630-A to run consecutive to the one-year prison term in CR-13-579397-A and ordered all other cases to run concurrent, for an aggregate two-year prison term. The court also terminated Hawkins's probation on two other cases, CR-12-568208-A and CR-13-572807-A, but did not impose additional prison time for the violations.

{¶7} Hawkins first contends that he was denied the effective assistance of counsel because his trial counsel failed to investigate the possibility of an insanity defense before he pled guilty to the crimes. He argues that while he was referred to a psychiatric clinic for an assessment regarding mitigating circumstances after entering his guilty pleas and

prior to sentencing, he was never referred in any of his cases for an evaluation of his sanity at the time of his criminal acts.

{¶8} A trial counsel's failure to seek a competency evaluation or to pursue an insanity defense does not always constitute deficient performance. *State v. Smith*, 9th Dist. Summit No. 24382, 2009-Ohio-1497, ¶ 10, citing *State v. Decker*, 28 Ohio St.3d 137, 502 N.E.2d 647 (1986). Rather, failure to pursue such a defense strategy is only deficient performance when the facts and circumstances show that a plea of not guilty by reason of insanity would have had a reasonable probability of success. *Id.*, citing *State v. Brown*, 84 Ohio App.3d 414, 421-422, 616 N.E.2d 1179 (1992).

{¶9} Hawkins has presented no evidence that would allow us to conclude that his mental state at the time of the offenses would support a viable insanity defense. Without this, or similar evidence, we cannot evaluate whether trial counsel's performance was deficient, and if so, whether the deficiency caused Hawkins to enter a guilty plea rather than proceed to trial on the affirmative defense. We therefore overrule this assigned error.

{¶10} Hawkins next contends that the trial court erred by failing to make the required findings under R.C. 2929.14(C)(4) before imposing consecutive sentences. We agree.

{¶11} R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} When imposing consecutive sentences, the trial court must make the R.C. 2929.14(C)(4) findings on the record at sentencing, and incorporate the statutory findings into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶13} At sentencing, prior to imposing consecutive sentences, the trial court stated:

Now the reason for the consecutive sentencing in the case is that there — the multiple prison terms are imposed for the convictions of multiple offenses, to protect the public from any future crimes or to punish the offender, they're not disproportionate to the seriousness of the conduct and the danger that is posed to the public. You know, these multiple offenses and the violations.

{¶14} Although the above language establishes that the trial court found that consecutive sentences were necessary to protect the public from future crime or to punish

the offender, and that consecutive sentences were not disproportionate to the seriousness of Hawkins's conduct, it is clear that the trial court did not consider the factors in (a), (b), or (c) of the statute. The statute requires that the trial court find one of these factors in order to impose consecutive sentences. As the trial court did not, we reverse the sentence.

{¶15} Lastly, Hawkins argues that the trial court erred by failing to fully inform him of postrelease control. We agree.

{¶16} Hawkins was subject to up to three years of postrelease control after his release from prison for his fifth-degree felony violations. *See* R.C. 2967.28(C). The trial court never informed Hawkins of this.

{¶17} Because the court failed to properly impose postrelease control and make all the necessary findings to impose consecutive sentences, we reverse and remand to the trial court for resentencing for the limited purpose of considering whether consecutive sentences are appropriate, and if so, to make the statutory findings and incorporate them in the sentencing journal entry. The trial court is also instructed to properly impose postrelease control.

{¶18} Judgment affirmed in part, reversed in part, and remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR