[Cite as *State v. Brown*, 2016-Ohio-5401.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103201**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTONIO BROWN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-579563

**BEFORE:** Blackmon, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 18, 2016

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
4403 St. Clair Ave.
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Gregory J. Ochocki
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}   Antonio Brown ("Brown") appeals from the trial court's imposition of consecutive felony sentences for his convictions of sex offenses and assigns the following error for our review:

> I.   The lower court erred by imposing consecutive sentences without making findings of fact required by R.C. 2929.14(C)(4) and/or by relying upon unsubstantiated unproven allegations at sentencing to fulfill statutorily required findings in violation of the appellant's right to due process of law.

{¶2}   Having reviewed the record and pertinent law, we affirm the decision of the trial court and remand for further proceedings consistent with this opinion.   The apposite facts follow.

{¶3}   On May 4, 2014, Brown pled guilty to one count of rape, one count of attempted rape, and two counts of gross sexual imposition.   On June 10, 2014, the court sentenced Brown on the rape, which is a first-degree felony punishable by three to 11 years in prison, and the attempted rape, which is a second-degree felony punishable by two to eight years in prison.   The court merged the two gross sexual imposition counts into the respective rape and attempted rape counts, and sentenced Brown to ten years on the rape and seven years on the attempted rape, to run consecutively, for an aggregate prison term of 17 years.   This court granted Brown's motion to file a delayed appeal from his sentence.

**Felony Sentencing Standard of Review**

**{¶4}** R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard of review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or that (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, Slip Opinion No. 2016-Ohio-1002.

### Consecutive Sentences

**{¶5}** "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶6} At the sentencing hearing in the case at hand, the court made the following findings on the record:

> The Court finds that consecutive sentences are necessary to protect the public from future crimes, and the Court finds that the prosecutor has indicated, and it is included in the probation report as well as in her recitation this morning that there have been other family members that have been sexually assaulted by you. And, therefore, you pose a danger to others as you continue with criminal activity of sexual assault.
>
> The Court further finds that consecutive sentences are necessary to punish the offender. The Court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct.
>
> The Court finds that consecutive sentences are not disproportionate to the danger the offender poses to the public.
>
> The Court finally finds that your conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.
>
> The Court believes that because of your history where you continue to sexually assault members of your family that you continue to pose a danger to your community, to your family members, and that some of the language that you use while you were exploiting these young people poses even more of a dangerous situation than some of the sexual contact that you had with them.
>
> Therefore the Court believes that consecutive sentences are necessary.

{¶7} According to the record, Brown's offenses involved two separate victims, both of whom were family members, and the offenses were alleged to have occurred on the same day. Brown argues that although there were previous allegations involving other family-member victims, these accusations were unsupported and did not result in

indictments. Brown further argues that the court improperly relied upon these unproven allegations in sentencing him for the sex offenses in the case at hand.

{¶8} However, the allegations of abuse of other family members are contained in Brown's presentence investigation report. Furthermore, one of the victim's mothers testified at the sentencing hearing that she knew Brown molested other family members, but she "held it in for 30 years."

{¶9} "Criminal wrongdoing, even without convictions, is part of an accused's social history and thus properly included in a presentence investigation report." *State v. Richey*, 64 Ohio St.3d 353, 358, 595 N.E.2d 915 (1992). Pursuant to R.C. 2929.19(B), at a felony sentencing hearing, the court "shall consider the record, any information presented at the hearing by any person * * *, and, if one was prepared, the presentence investigation report * * *." Thus, the court properly considered Brown's social history and conduct in imposing the 17-year sentence.

{¶10} In Brown's appellate brief and at oral argument, Brown's counsel contended that, despite the statutory nature of felony sentencing, the court's consideration of Brown's "uncharged conduct" violated his due process rights. In support of this argument, Brown cites two cases. First, is *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), in which the United States Supreme Court held that a sentence "predicated on misinformation or misreading of court records" of a defendant who is not represented by counsel violates due process. *Townsend* does not apply to the instant case, because Brown was represented by counsel, and nothing in the record suggests that the accusations in question were false.

**{¶11}** The second case Brown cited is *State v. Hawkins*, 8th Dist. Cuyahoga No. 102185, 2015-Ohio-3140, ¶ 17, in which this court ordered the trial court to resentence the defendant on limited remand, because the court failed "to make the statutory findings and incorporate them in the sentencing journal entry" before imposing consecutive sentences. Upon review of the instant case, we find that the court made the required findings pursuant to R.C. 2929.14(C)(4), and that these findings are supported by clear and convincing evidence in the record. Accordingly, Brown's sole assigned error is overruled.

**{¶12}** However, we note, and the state concedes, that the trial court failed to incorporate its R.C. 2929.14(C)(4) findings in its journal entry. "[B]ecause a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry." (Citation omitted.) *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

> A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court.

*Id*. at ¶ 30.

**{¶13}** In light of *Bonnell*, this matter is remanded to the trial court for the limited purpose of issuing a nunc pro tunc journal entry incorporating its consecutive sentence findings.

**{¶14}** Judgment affirmed and remanded to the lower court for proceedings consistent with this opinion.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR