[Cite as *State v. Butler*, 2020-Ohio-606.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

       Appellee

v.

Cameron Butler

       Appellant

Court of Appeals No. WD-19-011

Trial Court No. 2018CR0342

**DECISION AND JUDGMENT**

Decided: February 21, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**MAYLE, J.**

**Introduction**

{¶ 1} Defendant-appellant, Cameron Butler, appeals the December 26, 2018

judgment of the Wood County Court of Common Pleas. The trial court sentenced Butler

to a prison term of 17 months following his assault conviction. On appeal, Butler alleges

that the trial court, in imposing a prison term, failed to comply with the principles and purposes of felony sentencing set forth under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.  Butler also claims that he received ineffective assistance of trial counsel based upon counsel's failure to request a competency exam and for his failure to pursue a not guilty by reason of insanity defense.  Finding no error, we affirm the lower court's judgment.

## Facts and Procedural History

{¶ 2} According to the record, the Perrysburg Police Department received a call on July 6, 2018, about a suspicious-acting person in the area of Roachton Road and North Dixie Highway, in Perrysburg, Ohio.  Officer Dave Schmaltz was one of the officers to respond to the call.  At the scene, he observed Butler carrying a baseball bat and behaving in an erratic manner.  When Officer Schmaltz tried to communicate with Butler, Butler walked toward him and yelled, "you're not the real police."  Butler then ran inside a nearby business called Directions Credit Union.  An off-duty officer was inside the credit union, and he joined Officer Schmaltz in an attempt to settle Butler.  Instead, Butler became more agitated.  He swung the bat at Officer Schmaltz and knocked a piece of office equipment onto the floor, before barricading himself inside an office.  Officer Schmaltz attempted to open the door with a key, but Butler pushed back.  Butler also hit the door and a computer monitor with the bat, damaging both.  Finally, another officer was able to break into the office by crawling through a window that Butler had hit with

2.

the bat. Butler struggled with police as he was taken into custody and had to be "taken to the ground" and shackled.

{¶ 3} Butler was indicted on August 2, 2018 on a single count of assault, in violation of R.C. 2903.13(A) and (C)(5), a felony of the fourth degree. Butler pled guilty as charged on November 2, 2018, and the court found him guilty. The case was then referred to the Wood County Probation Department for a presentence investigation ("P.S.I.") in advance of sentencing. During his presentence interview, Butler described his behavior as "childish" and "stupid" and lamented that "things escalated quickly."

{¶ 4} Butler began receiving treatment for various mental health conditions, including anxiety, attention deficit/hyperactivity disorder and bipolar disorder. On November 24, 2018, however, Butler was arrested in Defiance, Ohio, and charged with felonious assault, a first-degree felony. He was taken into custody, which disrupted his mental health treatment.

{¶ 5} Sentencing in the instant case occurred on December 21, 2018. Following a hearing, the trial court sentenced Butler to serve a term of 17 months in prison and ordered him to pay restitution in the amount of $1,118 to Directions Federal Credit Union. The court also imposed prosecution costs and up to three years of discretionary postrelease control. Butler appealed, and through counsel, raises two assignments of error for our review.

> I. The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing Appellant to seventeen months in the Ohio Department of

3.

Rehabilitation and Corrections instead of ordering community control sanctions.

II. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

**Law and Analysis**

{¶ 6} In his first assignment of error, Butler claims that his 17-month prison sentence is contrary to law.

{¶ 7} We review sentencing challenges under R.C. 2953.08(G)(2). This statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

{¶ 8} A sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease

4.

control, and imposed a sentence within the statutory range. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See also State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16 (Noting that while R.C. 2953.08(G)(2) prohibits courts from applying the abuse of discretion standard, as set forth in *Kalish,* that *Kalish* "may still be utilized [for purposes of] determining whether a sentence is clearly and convincingly contrary to law."). If the appellate court finds that a sentence is not clearly and convincingly contrary to law, it may vacate or modify the sentence "only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 23.

{¶ 9} Here, Butler does not challenge the trial court's compliance with the sentencing statutes identified in subsection (a) of R.C. 2953.08(G)(2), nor does he claim that the trial court misapplied postrelease control or that it imposed a sentence outside the statutory range for a fourth-degree felony. *See* R.C. 2929.14(A)(4) (The range of sentences that a trial court may impose for a fourth-degree felony "shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."). Instead, Butler argues that his sentence is contrary to law because the trial court failed to comply with the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.

{¶ 10} R.C. 2929.11 explains that " [t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the

offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." It instructs that "[t]o achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 11} R.C. 2929.12 provides discretion to the trial court "to determine the most effective way to comply with the purposes and principles of sentencing * * *." It requires that "[i]n exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) * * * relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) * * * relating to the likelihood of the offender' s recidivism, and the factors set forth in division (F) * * * pertaining to the offender's service in the armed forces of the United States," in addition to any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(A).

{¶ 12} In its December 26, 2018 judgment entry, the trial court expressly stated that R.C. 2929.11 and 2929.12 "were taken into consideration prior to imposing sentence." Moreover, at the sentencing hearing, the court explained its rationale for imposing the 17-month prison sentence. It is clear from this explanation that the court found it "concern[ing]" that Butler "damage[d] a lot of property," attempted to cause physical harm to a person "with a deadly weapon, in particular a bat" and "endanger[ed]

6.

other people too," who were forced to evacuate the credit union when Butler came inside wielding a bat.

{¶ 13} Butler claims that the trial court failed to give appropriate weight to an *absence of evidence* that, if present, would have indicated that his conduct was "more serious than conduct normally constituting the offense" under R.C. 2929.12(B)(2). That section requires a court to consider evidence that a victim has "suffered serious physical, psychological, or economic harm as a result of the offense." Butler claims that Section (B)(2) is applicable because Officer Schmaltz sustained no injuries. As described above, however, the court based its decision on Butler's attempt to cause physical harm as well as his endangering others and his damage to property. The court's consideration of those factors is appropriate under R.C. 2929.12(B)(2).

{¶ 14} Next, Butler claims that the trial court failed to give appropriate consideration to the fact that he was suffering from "mental illness and drug use at the time of the offense." The court may take those factors into account under R.C. 2929.12(C)(4) in considering whether his conduct was "less serious than conduct normally constituting the offense." However, just because the trial court did not find Butler's stated reason, i.e., his need to treat his mental health, to be a compelling reason to impose a lesser sentence does not render his sentence contrary to law. *Accord State v. Parks*, 6th Dist. Lucas No. L-18-1138, 2019-Ohio-2366, ¶ 23 (Rejecting argument that the court, in imposing the maximum sentence "held no regard to the addiction that [he] faces" in contravention of R.C. 2929.11(A)'s mandate to impose minimum sanctions.).

7.

{¶ 15} Moreover, the court did find Butler's "pattern of drug [and] alcohol abuse" relevant, albeit with respect to the likelihood that he might commit future crimes, as set forth under R.C. 2929.12(D)(4). The record indicates that Butler has longstanding drug and alcohol problems, including a 2018 diagnosis for cocaine use disorder. The court also expressed concern over Butler's "explosive personality."

{¶ 16} Although the court may have weighed certain factors more heavily than others, we cannot say that it did not consider the principles and purposes of sentencing or the seriousness and recidivism factors as it was required to do under R.C. 2929.11 and 2929.12. "[I]t is up to the discretion of the individual decision-maker 'to determine the weight to assign a particular statutory factor.'" *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 13, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 17} We find that the trial court complied with all applicable sentencing requirements when it sentenced Butler to prison and that his sentence is not clearly and convincingly contrary to law under R.C. 2953.08(G)(2). Accordingly, his first assignment of error is not well-taken.

### Effective Assistance of Trial Counsel

{¶ 18} In Butler's second assignment of error, he claims that he was denied effective assistance of counsel at trial. The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove a claim of ineffective

8.

assistance of counsel, a defendant must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs one and two of the syllabus, citing *Strickland* at 688.

{¶ 19} A reviewing court must determine whether trial counsel's assistance fell below an objective standard of reasonable advocacy. *Bradley* at 141-142. The deficient performance must have been so serious that, "were it not for counsel's errors, the result of the trial would have been different." *Id.* at 141-142.

{¶ 20} Moreover, trial strategy "must be accorded deference and cannot be examined through the distorting effect of hindsight." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 115. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland* at 691.

{¶ 21} Butler claims that his counsel should have requested a psychological examination for the purpose of determining his competency and/or should have pursued a not guilty by reason of insanity ("NGRI") defense based upon his "bizarre behavior." We find no merit to Butler's arguments.

{¶ 22} First, Butler's decision to flee the scene on the day of his offense and his subsequent expressions of remorse indicate an understanding of wrongfulness which, as a matter of law, do not support a NGRI defense. *State v. Welninski*, 6th Dist. Wood Nos. WD-16-039, WD-16-040, 2018-Ohio-778, ¶ 72. Therefore, despite Butler's postconviction

9.

mental health diagnoses, an insanity defense would not have relieved him of culpability because he understood the wrongfulness of his conduct. *State v. Myers*, 10th Dist. Franklin No. 09AP-926, 2010-Ohio-4602, ¶ 19.

{¶ 23} Second, at the arraignment, Butler's counsel represented that, while Butler had been suicidal at the time of the incident, he was "not in that state of mind anymore," that he was receiving mental health treatment, and that he was "in a stable mind at this time." In addition, Butler actively participated at the hearing, telling the court that he had been employed prior to his arrest and, if released on bond, he was "pretty sure" he would be re-employed because "they [were] pretty cool." Butler was similarly responsive and engaged during his plea hearing.

{¶ 24} In short, the record gives no indication that Butler was anything other than fully capable of assisting with his own defense. "The mere fact that a defendant suffer[s] from a mental illness * * * when he enter[s] a guilty plea is not an indication that his plea was not knowing and voluntary, that the defendant lacked mental capacity to enter a plea or that the trial court otherwise erred in accepting the defendant's guilty plea." *State v. McClendon*, 8th Dist. Cuyahoga No. 103202, 2018-Ohio-2630 (citing cases); *see also State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986) ("A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting counsel.").

{¶ 25} Counsel's "[f]ailure to pursue * * * a defense strategy is only deficient performance when the facts and circumstances show that a plea of not guilty by reason of

10.

insanity would have had a reasonable probability of success." *Welninski* at ¶ 72, quoting *State v. Hawkins*, 8th Dist. Cuyahoga No. 102185, 2015-Ohio-3140, ¶ 8. Here, because there is no indication in the record that a NGRI defense would have been successful or that there was any reason to believe that Butler was not competent to stand trial, counsel did not err by failing to request a psychological examination or for failing to pursue a NGRI defense. Accordingly, Butler's second assignment of error is not well-taken.

{¶ 26} The December 26, 2018 judgment of the Wood County Court of Common Pleas is affirmed. Butler is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      
                                      JUDGE

Thomas J. Osowik, J.      

Christine E. Mayle, J.      
                                       JUDGE
CONCUR.

                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.