[Cite as *State v. Robinson*, 2020-Ohio-4496.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                  Court of Appeals Nos. S-19-054
                                                                                 S-19-055
      Appellee

                                                      Trial Court Nos.  18 CR 905
v.                                                                            19 CR 408

Christina M. Robinson                  **DECISION AND JUDGMENT**

      Appellant                          Decided:  September 18, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} In this consolidated appeal, appellant, Christina M. Robinson, appeals the

December 16, 2019 judgments of the Sandusky County Court of Common Pleas

sentencing her to 12 months in prison for the offense of attempted convey prohibited

items to detention facility, in violation of R.C. 2921.36(A)(2) and 2923.02(A), a felony of

the fourth degree, in addition to 12 months in prison for the offense of possession of drugs, in violation of R.C. 2925.11(a)(c)(2)(A), a felony of the fifth degree and 12 months in prison for the offense of aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree, all to run consecutive to the sentence imposed in case No. 19 CR 408.

{¶ 2} Appellant presents two assignments of error:

1. The Trial Court's sentence of Christina M. Robinson ("Appellant") violates R.C. 2929.14( C)(4) – and is thus contrary to law – insofar as the Trial Court did not make appropriate findings of fact for Appellant to be sentenced in a consecutive manner.

2. The Trial Court's sentence of Appellant is excessive and contrary to Ohio law.

{¶ 3} We review sentencing challenges under R.C. 2953.08(G)(2). *State v. Butler*, 6th Dist. Wood No. WD-19-011, 2020-Ohio-606. Pursuant to that statute, an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) The record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) The sentence is otherwise contrary to law.

2.

**{¶ 4}** In her first assignment of error, appellant argues that the trial court failed to make the appropriate findings required for imposition of consecutive sentences. R.C. 2929.14(C)(4) mandates that before a trial court can impose multiple prison terms in a consecutive manner, the court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

3.

**{¶ 5}** At sentencing, the court made the following statement:

You know, I don't doubt that you have some problems, but you've had so many opportunities to address the problems, and you can only go to the well so many - - so many times * * * and how many times can we look the other way, and I will tell you that you've been successful with - - in accumulating what I - - appears to me to be the most entries on a criminal history that I've seen in my 40 plus years on the bench. I counted 90 to 91 entries * * *. The Court is justifying the consecutive sentences by noting R.C. 2929.14(C)(4), (c), that your criminal conduct dem - - demonstrates that consecutive sentences are necessary to protect the public from future crime, and that these consecutive sentences are not disproportionate to the seriousness of your conduct.

**{¶ 6}** The court failed to make the third finding required by R.C. 2929.14(C)(4). Nevertheless, we have held that the trial court is not required to cite any magic or talismanic words when imposing consecutive sentences provided it is clear from the record that the trial court engaged in the appropriate analysis. *State v. Gessel*, 6th Dist. Williams No. WM-19-004, 2020-Ohio-403. The record must contain evidence to support the trial court's findings. *State v. McKinney*, 6th Dist. Lucas No. L-19-1033, 2020-Ohio-3547.

**{¶ 7}** Here, the trial court referenced appellant's criminal conduct, which the record shows included numerous drug offense convictions. Her history also demonstrates

4.

a repeated failure to abide by court-ordered sanctions aimed at her rehabilitation. Therefore, the trial court engaged in an analysis of appellant's criminal conduct and the record supports the trial court's conclusion that consecutive sentences are necessary to protect the public from future crime by the appellant.

{¶ 8} Appellant's first assignment of error is found not well-taken and denied, but this case is remanded for the reasons described.

{¶ 9} Appellant's second assignment of error contends that appellant's sentence is excessive and contrary to Ohio law.

{¶ 10} Appellant does not dispute that the sentences imposed were within the statutory range as defined in R.C. 2929.14. She was sentenced to 12 months in prison for the offense of attempted convey prohibited items to detention facility, in violation of R.C. 2921.36(A)(2) and 2923.02(A), a felony of the fourth degree, in addition to 12 months in prison for the offense of possession of drugs, in violation of R.C. 2925.11(a)(c)(2)(A), a felony of the fifth degree and 12 months in prison for the offense of aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree. Each of these sentences were within the statutory range. Therefore, the sentences imposed on these counts are not contrary to law.

{¶ 11} However, appellant claims that the trial court did not consider R.C. 2929.11 and 2929.12. More specifically, appellant argues that the court failed to consider her mental health issues and her lifelong addiction struggle and should have fashioned a

5.

minimum sanction with a lesser restrictive environment that would be more conducive of rehabilitation.

{¶ 12} Simply because the court did not balance the factors in the manner appellant desires does not mean that the court failed to consider them, or that clear and convincing evidence shows that the court's findings are not supported by the record. *State v. Butcher*, 4th Dist. Athens No. 15CA33, 2017-Ohio-1544.

{¶ 13} R.C. 2929.11(A) states in relevant part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 14} It is obvious that the trial court considered the need for incapacitating appellant and deterring appellant from future crime.

6.

{¶ 15} Appellant does not cite to any specific sections of R.C. 2929.12 that the court failed to properly consider. That statute does require the sentencing court to consider relevant factors that indicate that the offender is likely to commit future crimes. One of those factors that are relevant to this case is specified in R.C. 2929.12(D)(4). That section states:

> (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

{¶ 16} In this case, appellant has an established history of drug abuse. It is also, unfortunately, painfully obvious that she has failed to take advantage of opportunities to rehabilitate herself by simply engaging in her court-ordered treatment.

{¶ 17} Once the trial court considers the statutory factors and purposes of sentencing, the burden is on the appellant to demonstrate by clear and convincing evidence that the record does not support her sentence. *State v. Day*, 4th Dist. Adams No. 19CA1085, 2019-Ohio-4816. Other than to point out that she has a criminal history involving predominantly drug-related offenses compounded by mental health difficulties, appellant is unable to meet her burden to demonstrate by clear and convincing evidence that the record does not support her sentence. She has been given ample opportunity to demonstrate her seriousness in addressing her many issues that contribute to her criminal actions.

7.

{¶ 18} Appellant's second assignment of error is found not well-taken.

**Conclusion**

{¶ 19} We find both of appellant's assignments of error not well-taken and denied.

{¶ 20} Based on the foregoing, the December 16, 2019 judgments of the Sandusky County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                           _____
                                                            JUDGE

Christine E. Mayle, J.

                                                     _____

Gene A. Zmuda, P.J.                          JUDGE
CONCUR.

                                                     _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.